# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————

No. 99-4028

————

| | | |
|---|---|---|
| Jody Henderson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Heartland Press, Inc., an Iowa | * | [UNPUBLISHED] |
| Corporation; David J. Whitlatch, | * | |
| | * | |
| Appellees. | * | |

————

Submitted: June 14, 2000
Filed: August 9, 2000

————

Before BOWMAN, FLOYD R. GIBSON,[1] and MORRIS SHEPPARD ARNOLD, Circuit Judges.

————

PER CURIAM.

Jody Henderson appeals from the decision of the District Court[2] granting summary judgment to Heartland Press and David Whitlatch on her claims of sexual

---

[1]Complications from an automobile accident have prevented Judge Gibson from reviewing this opinion prior to its being filed.

[2]The Honorable Paul A. Zoss, United States Magistrate Judge for the Northern District of Iowa, presiding over the case with the consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

harassment employment discrimination under state and federal law and her claim under the Violence Against Women Act (VAWA), 42 U.S.C. § 13981. At the time of the incident that is the basis of her complaint, Henderson was a Heartland employee and Whitlatch was a supervisor at Heartland. Henderson does not suggest that there are any genuine issues of material fact, but nevertheless argues that the District Court erred in granting judgment as a matter of law to Heartland and Whitlatch.

Upon de novo review, we conclude that the District Court properly granted summary judgment to Heartland and Whitlatch on Henderson's claims under Title VII and the Iowa Civil Rights Act. These discrimination claims must fail because Henderson can show neither tangible employment action by Heartland nor severe or pervasive conduct by Whitlatch or others at Heartland. Her claim under the VAWA is barred by the recent Supreme Court decision in United States v. Morrison, 120 S. Ct. 1740 (2000), wherein the Court held that § 13981 is an unconstitutional exercise of congressional power under both the Commerce Clause and section 5 of the Fourteenth Amendment (Congress's remedial power).

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.